IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 07-00235 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO DISMISS COUNTS 1 |
| vs. | ) AND 3 OR 2 AND 4 FOR |
| | ) MULTIPLICITY |
| WOODROW K. POEPOE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 3 OR 2 AND 4 FOR MULTIPLICITY

Defendant Woodrow K. Poepoe ("Defendant") seeks dismissal of counts in the First Superseding Indictment on the grounds that the charges of being a felon in possession of a firearm and ammunition and being an unlawful user of a controlled substance in possession of the same firearm and ammunition on the same dates are multiplicitous. The court finds that Defendant cannot be charged *and* sentenced to being a felon and unlawful user of a controlled substance in possession of the same firearm on the same date. Further, the appropriate remedy is to order that one or more counts be vacated at the time of sentencing, if necessary, so that Defendant is not sentenced to being a felon and

unlawful user of a controlled substance in possession of the same firearm and ammunition on the same date.

## I. **BACKGROUND**

On May 31, 2007, a federal grand jury charged Defendant in a First Superseding Indictment with being a felon in possession of a Norico semi-automatic rifle and ammunition on April 26, 2007, in violation of 18 U.S.C. § 922(g)(1) (count 1); being an unlawful user of a controlled substance in possession of the same Norico semi-automatic rifle and ammunition, also on April 26, 2007, in violation of 18 U.S.C. § 922(g)(3) (count 2); being a felon in possession of a Winchester magnum rifle and ammunition on May 19, 2007, in violation of 18 U.S.C. § 922(g)(1) (count 3); and being an unlawful user of a controlled substance in possession of the same Winchester magnum rifle and ammunition, also on May 19, 2007, in violation of 18 U.S.C. § 922(g)(3) (count 4).[1]

On June 28, 2007, Defendant filed his Motion to Dismiss Counts 1 and 3 or 2 and 4 for Multiplicity.  The government filed a memorandum in opposition on July 5, 2007, and a hearing was held on July 19, 2007.

---

[1] For each count, §§ 922(g)(1) and (3) also require that the firearm or ammunition be possessed "in or affecting commerce."

2

## II.  ANALYSIS

The court discusses two separate issues.  First, the court determines that under the Double Jeopardy Clause, Defendant cannot be convicted *and* sentenced for separate counts charging him with a violation of being a felon in possession of a firearm and ammunition and being an unlawful user of a controlled substance in possession of the same firearm and ammunition on the same date. Next, the court determines that although the government may present all four counts of the First Superseding Indictment to the jury, if Defendant is convicted of counts 1 and 2 or counts 3 and 4 (or all counts), the court will vacate one or more counts prior to sentencing to comply with the Double Jeopardy Clause.

**A.     Defendant Cannot be Convicted and Sentenced for Possession of the Same Firearm and Ammunition on the Same Date Under §§ 922(g)(1) and (3)**

The imposition of multiple convictions and multiple punishments for the same offense is prohibited by the Double Jeopardy Clause.  *United States v. Arlt*, 252 F.3d 1032, 1035 (9th Cir. 2001).  "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions."  *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).  "[T]he principal danger created by multiplicity is that a defendant will receive multiple punishments for a single offense."  *United*

3

*States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000); *United States. v. Buchanan*, 485 F.3d 274, 278-79 (5th Cir. 2007); *United States v. Roy*, 408 F.3d 484, 492 (8th Cir. 2005).

      The government argues that an application of the "elements" test first set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), demonstrates that the subdivisions of § 922(g) set forth separate offenses.[2]  The *Blockburger* test, however, is simply a tool to apply if a court cannot discern Congressional intent: courts "look to congressional intent; did Congress intend to punish two separate evils, or merely one?"  *United States v. Hairston*, 64 F.3d 491, 495 (9th Cir. 1995); *see also  Albernaz v. United States*, 450 U.S. 338 (1981); *United States v. Sanchez-Vargas*, 878 F.2d 1163, 1171 n.8 (9th Cir. 1989) ("Given this indication of congressional intent with respect to multiple punishments under § 1324(a)(1), we need not address the principles of statutory construction established in *Blockburger. . . .*").

---

[2] "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.  Strictly applying this test, the government is correct -- § 922(g)(1) requires proof of defendant's status as a felon while § 922(g)(3) requires proof of defendant's status as an unlawful user of a controlled substance.

Circuit courts have not found the need to resort to the *Blockburger* test when examining the relationship between § 922(g)'s nine subdivisions.[3] Instead, as a matter of statutory construction, circuit courts have uniformly held that Congress did not intend for a defendant to be sentenced under more than one of § 922(g)'s subdivisions for a single instance of firearm or ammunition possession. *See United States v. Shea*, 211 F.3d 658, 673 (1st Cir. 2000) ("Congress did not intend to inflict multiple punishments where a drug-using, former felon possessed a firearm."); *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006) (en banc) (holding that Congress intended the unit of prosecution "to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification. . . ."); *United States v. Dunford*, 148 F.3d 385, 389 (4th Cir. 1998) (holding that Congress did not seek to punish persons based on their status as a prohibited person under § 922(g), but instead the "offense is determined by the performance of the prohibited conduct, *i.e.*, the possessing of a firearm or ammunition."); *United States v. Winchester*, 916 F.2d 601, 606  (11th Cir. 1990) (holding a conviction and sentence under §§ 922(g)(1) and (2)

---

[3] Although the Ninth Circuit has not ruled on whether separate subdivisions of § 922(g) set forth separate offenses, it has held that the possession of a firearm and ammunition by a felon (both made unlawful in one subdivision, § 922(g)(1)), constitute one single offense. *United States v. Keen*, 104 F.3d 1111 (9th Cir. 1997).

multiplicitous because "in enacting section 922(g), it was not within Congress'

comprehension or intention that a person could be sentenced, for a single incident,

under more than one of the subdivisions of section 922(g)."); *United States v.*

*Munoz-Romo*, 989 F.2d 757, 759 (5th Cir. 1993) ("Congress, by rooting all the

offenses in a single legislative enactment and including all the offenses in

subsections of the same statute, signaled that it did not intend multiple

punishments for the possession of a single weapon.");[4] and *United States v.*

*Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (finding reasoning of *Winchester*

and *Munoz-Romo* as "persuasive").[5]

    This court agrees.  Section § 922(g)'s statutory framework reveals

that Congress intended to prohibit the possession of firearms and ammunition by

classes of individuals that it deemed dangerous; it did not seek to punish

individuals based on their status alone.  Further, the nine subdivisions of § 922(g)

---

[4] In its first opinion, the Fifth Circuit upheld separate convictions and sentences under §§ 922(g)(1) and (5).  In response to a petition for a writ of certiorari, the Solicitor General confessed error and urged remand.  The Supreme Court complied.  On remand, the Fifth Circuit noted that the Solicitor General essentially adopted the Eleventh Circuit's view in *Winchester* that the language of § 922(g) evinces a Congressional intent to permit a single sentence for separate violations of § 922(g) arising from the same firearm possession.

[5] The United States Attorneys' Manual, § 9-63.514 appears to agree with this solid line of authority from other circuits, stating that "because § 922(g) was designed to prohibit the possession of firearms by individuals Congress deemed dangerous, and not to punish such persons solely for having a certain status under the law, a defendant should not be punished separately under two or more separate subdivisions of § 922(g) for a single instance of unlawful weapons possession."

are found within a single subsection of the statute, with a single penalty applying to all nine of the subdivisions.

To hold otherwise would surely result in an unintended sentence.  For example, a person convicted under § 922(g)(1) (felon in possession of firearm) and § 922(g)(9) (person convicted of misdemeanor crime of domestic violence in possession of firearm) based on the possession of the same firearm at the same time could be sentenced to consecutive sentences.

In sum, Defendant may not be convicted *and* sentenced for separate counts charging him with a violation of being a felon in possession of a firearm and ammunition and being an unlawful user of a controlled substance in possession of the same firearm and ammunition on the same date.

The court next addresses the remaining issue -- does the court force an election of counts by the government or does the court permit the government to present all four counts to the jury?

///

///

///

///

**B.     Although the Government May Present the § 922(g)(1) and the § 922(g)(3) Counts to the Jury, the Defendant May not be Sentenced for Multiple § 922(g)(1) and § 922(g)(3) Counts for a Single Possession**

Defendant seeks, as a remedy, dismissal of either counts 1 and 3 or counts 2 and 4.  In other words, he seeks an order dismissing either the § 922(g)(1) counts or the § 922(g)(3) counts, leaving only one theory available for the jury.  Under this approach, if the court (or the government upon election) dismissed the felon in possession counts, the only matter that would be presented to the jury is the user in possession counts.  The government argues that the appropriate remedy is to sentence the Defendant on only one § 922(g) subdivision, and hold the other in abeyance pending appeal.  The court accepts neither position, instead finding that the government may submit its case to the jury based on the existing indictment, but that if Defendant is convicted by the jury of violations of § 922(g)(1) and § 922(g)(3) for possession of the same firearm (or ammunition) on the same date, the court will vacate one of the convictions prior to sentencing.

The Double Jeopardy Clause provides three protections: "It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *United States v. Camacho*, 413 F.3d 985, 988 (9th Cir. 2005) (*quoting North Carolina v. Pearce*, 395 U.S.

8

711, 717 (1969)).   Thus, permitting the jury to consider the First Superseding

Indictment does not implicate double jeopardy concerns.   "Where there has been

no prior conviction or acquittal, the Double Jeopardy Clause does not protect

against simultaneous prosecutions for the same offense, so long as no more than

one punishment is eventually imposed."   *United States v. Josephberg*, 459 F.3d

350, 355 (2d Cir. 2006).

      Without a constitutional prohibition, "[t]he decision whether to

require the prosecution to elect between multiplicitous counts before trial rests

within the discretion of the trial court."   *See United States v. Johnson*, 130 F.3d

1420, 1426 (10th Cir. 1997); *United States v. Throneburg*, 921 F.2d 654 (6th Cir.

1990).   In considering the best practices of presenting greater and lesser included

offenses to a jury, the Ninth Circuit stated that prosecutors should not be

discouraged from charging both a greater and its lesser included offense in the

same indictment, and "it is entirely appropriate for a judge to instruct a jury to

render a verdict on a greater offense and its lesser included predicates."   *United

States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005).   The court found that

presenting both the greater and lesser offenses to the jury presents a "cleaner

package" as it makes it easier for the jury to consider the two offenses.   *Id*.

Finally, the court held that if a jury convicts on both the greater and lesser

included offenses, absent a clear indication from Congress that it intended

multiple punishment, the trial court should vacate the lesser included conviction.

If the greater offense is reversed on appeal, the appellate court then reinstates the

lesser included offense.  *Id*.

Courts have recognized two potential risks associated with presenting

multiplicitous counts to a jury.  First, not requiring an election of counts

> may falsely suggest to a jury that a defendant has
> committed not one but several crimes.  Once such a
> message is conveyed to the jury, the risk increases that
> the jury will be diverted from a careful analysis of the
> conduct at issue, and will reach a compromise verdict or
> assume that defendant is guilty on at least some of the
> charges.

*Johnson*, 130 F.3d at 1426 (citations and quotations omitted).  This risk is inherent

to some degree in any case where an election of counts is not ordered.  The Ninth

Circuit has recognized another risk based on the strength of the evidence:

> We recognize, however, that the filing of multiple
> charges may be prejudicial where the evidence of guilt as
> to some of the alleged offenses may be weak or
> inconclusive.  Under such circumstances, there is a risk
> that the jury may have returned a verdict of guilty on
> counts as to which it may have otherwise formed a
> reasonable doubt, solely because of the strength of the
> evidence on the remaining counts.

*United States v. Sherman*, 821 F.2d 1337, 1340 (9th Cir. 1987).  The Ninth Circuit has also recognized, when reviewing for error on appeal, that prejudice is diminished if the government "would have introduced exactly the same evidence had the indictment contained only one count of the [charged offense.]" *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997).

As to the first concern, the court views the potential prejudice as minimal.  Although a jury may consider it more likely that a defendant is guilty given a greater number of counts in an indictment, the jury would only be presented with four counts.  Further, the defense could request a jury instruction to cure any potential prejudice.  *See United States. v. Bolt*, 776 F.2d 1463, 1467 (10th Cir. 1985); *United States v. Platter*, 435 F. Supp. 2d 913 (N.D. Iowa 2006).

As to the second concern, Defendant has not argued that the government's proof is necessarily stronger as to his status as a felon or his status as to an unlawful user of a controlled substance.

In any event, even if this court did order an election of counts, the government would certainly be entitled to seek a superseding indictment charging Defendant with two counts, with each count based on an event taking place on different dates, and with each count including both his status as a felon and unlawful user of a controlled substance.  *See United States v. Shea*, 211 F.3d 658,

673 (1st Cir. 2000) ("it is clear enough that the government is entitled to get both theories before the jury, whether in one count or two.").  Whether contained in one or two counts, the same evidence would then be presented to a jury.  By permitting the jury to consider separate counts under § 922(g)(a) and § 922(g)(3), a "cleaner package" is presented to the jury.  *See Jose*, 425 F.3d at 1247.  Presenting a single count, charging a defendant with being a felon and an unlawful user of a controlled substance while in possession of the same firearm and ammunition, is necessarily cumbersome.  Such a presentation to the jury could certainly result in juror confusion.  Setting forth the charge in separate counts makes it easier for juror comprehension, more likely resulting in a fair and just verdict.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion to Dismiss Counts 1 and 3 or 2 and 4 for Multiplicity is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 19, 2007.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Poepoe*, Cr. No. 07-00235 JMS, Order Denying Defendant's Motion to Dismiss Counts 1 and 3 or 2 and 4 for Multiplicity